NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| *In re*: | : | |
| SOLOMON DWEK, *et al.*, | : | Civ. No. 3:09-cv-5046 |
| Debtors, | : | MEMORANDUM & ORDER |
| U.S.B.C. D.N.J. Chapter 11 | : | |
| Lead Case No.: 07-11757 (KCF) (Jointly Administered) | : | |
| Defendants. | : | |
| CHARLES A. STANZIALE, JR., as Chapter 11 Trustee of Solomon Dwek, Dwek Properties LLC, SEM Realty Associates, LLC, and Deal Golf, LLC, | : | |
| Plaintiff, | : | |
| v. | : | |
| SUN NATIONAL BANK, TODD J. HOLMES, SOUTH BELMAR LIQUORS, LLC, and ALBERT J. RESCINIO, | : | |
| Defendants. | : | |
| Adv. Pro. No.: 09-1237 (KCF) | : | |

THOMPSON, U.S.D.J.,

Before the court is a motion for leave to appeal a bankruptcy ruling, pursuant to 28 U.S.C. § 158(a)(3). For the reasons set forth below, the motion is granted.

1

**I.     Background**[1]

Debtor Solomon Dwek ("Dwek") engaged in a ponzi scheme, securing more than $52,000,000 from investors as of December 2004. Dwek conducted his scheme through several entities, including Dwek Properties LLC, SEM Realty Associates, LLC, and Deal Golf, LLC. In addition to pursuing funds from investors, Dwek raised capital to cover the costs of his operation of the ponzi scheme through unsecured and personal loans.

By early 2007, Dwek and the entities he controlled became unable to honor their debts. On February 9, 2007, several creditors filed an involuntary petition for relief under Chapter 7 of title 11 of the United States Bankruptcy Code in the Bankruptcy Court for the District of New Jersey. *See in re Solomon Dwek, et al.*, Case No. 07-11757 (KCF). In response, Dwek moved to convert the involuntary bankruptcy to voluntary bankruptcy under Chapter 11 of the United States Bankruptcy Code, and several of the entities that he controlled filed voluntary petitions under Chapter 11. The Bankruptcy Court granted Dwek's request, consolidated Dwek's bankruptcy case with the cases filed by the entities he controlled, and appointed Charles A. Stanziale, Jr. ("Stanziale") as Trustee for Dwek and his entities.

Shortly thereafter, Stanziale commenced an action against Sun National Bank ("Sun"), Todd J. Holmes ("Holmes"), a loan officer with Sun, and Albert J. Rescinio ("Rescinio"), a New Jersey attorney on staff with Sun, alleging that these defendants permitted Dwek and his entities to obtain several loans taken out in the names of other individuals and one non-profit without the consent or knowledge of those parties. Additionally, the Amended Complaint names South Belmar Liquors, LLC ("South Belmar"), alleging that defendant Holmes received an interest in South Belmar without payment of any consideration and that he received his interest as payment

---

[1]     The following facts are taken from the Amended Complaint (Doc. Entry No. 1-3) and are undisputed unless otherwise noted.

for his cooperation in permitting the fraudulent loans to go to Dwek and his entities. *See generally, Stanziale v. Sun Nat'l Bank, et al.*, Case No. 09-1237 (KCF). The Amended Complaint asserted numerous claims of fraudulent transfers of assets, one claim for turnover of estate property, and one claim for deepening insolvency (which the Amended Complaint asserts arises under New Jersey law).

Sun moved to dismiss the Amended Complaint, contending, among other things, that New Jersey does not recognize claims for deepening insolvency. In a ruling from the bench, the Bankruptcy Court denied the motion in its entirety, thereby permitting the deepening insolvency claim to proceed. Sun then filed the instant action, seeking leave to appeal the Bankruptcy Court's order. Stanziale opposes the grant of leave, contending that Sun failed to meet the standard for leave and that New Jersey law would permit claims for deepening insolvency.

**II.     Discussion**

     **A.     Standard for Granting Leave for Interlocutory Appeals**

District courts have jurisdiction to grant leave for interlocutory appeals of orders of bankruptcy courts pursuant to 28 U.S.C. § 158(a)(3). Section 158(a)(3) does not specify the standards for evaluating such motions; therefore, district courts look to 28 U.S.C. § 1292(b) for guidance, which governs resolution of requests for interlocutory appeals to circuit courts from orders of district courts. *See, e.g.*, *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm.*, 321 B.R. 147, 156 (D.N.J. 2005). Under Section 1292(b), district courts should grant leave for an interlocutory appeal of an order when the courts are "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b).

### B.     Application

#### 1.     Controlling Questions of Law

A "controlling question of law" encompasses any "order which, if erroneous, would be reversible error on final appeal." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974) (entertaining an interlocutory appeal addressing class certification). "Such questions are not limited to those that, if resolved differently, would eliminate the need for trial, but may also include orders whose reversal would not 'terminate the litigation, [such as] impleader and transfer of venue orders.'" *Popular Leasing U.S.A., Inc. v. Forman*, 09-CV-2788(DRD), 09-CV-2964(DRD), 2009 WL 2969519, *3 (D.N.J. Sept. 14, 2009) (citing *Katz*, 496 F.2d at 755). "Moreover, such questions need not 'be determinative of any [of] plaintiff's claim[s] on the merits.'" *Id.* (quoting *Katz*, 496 F.2d at 755).

In the instant action, the issue of whether New Jersey would recognize an independent tort of deepening insolvency is a "controlling question of law." The resolution of this question has the potential to eliminate one of plaintiff's claims, thereby making discovery on this claim unnecessary and the anticipated trial less complex. Such a determination will economize client expenses and judicial resources. *Cf. Katz*, 496 F.2d at 755 (noting that it was Congress's "clear intention . . . to avoid a wasted trial").

#### 2.     Substantial Difference of Opinion

There is a substantial difference of opinion as to whether New Jersey would recognize an independent tort for deepening insolvency. As the Third Circuit recently noted, "[n]either the New Jersey legislature nor the New Jersey Supreme Court has authorized a 'deepening insolvency' cause of action." *Thabault v. Chait*, 541 F.3d 512, 521 (3d Cir. 2008). The circuit discussed its prior precedent addressing whether such claims exist under Pennsylvania law as well as New Jersey precedent that touched upon this issue. *See id.* at 518-23 (analyzing New

Jersey case law and discussing deepening insolvency claims generally). The circuit declined to recognize deepening insolvency as an independent tort, but noted that "[i]n light of [the New Jersey precedent discussed], we are not as resolute that New Jersey law would not recognize deepening insolvency as a cause of action or as a theory of damages." *Id*. at 522-23. Moreover, in granting a motion for leave to appeal an order of the Bankruptcy Court for the District of New Jersey, the Honorable Dickinson R. Debevoise recently recognized that there is a substantial difference of opinion as to whether New Jersey would permit an independent tort for deepening insolvency in *Popular Leasing U.S.A., Inc.*, 2009 WL 2969519, at *4-5. In reaching that conclusion, Judge Debevoise noted that there was no authority to recognize such claims under New Jersey precedent or legislation, that Delaware had rejected such claims, and that the Third Circuit had held that Pennsylvania would recognize such claims. *See id*. For these same reasons, this court holds that there is a substantial difference of opinion as to whether New Jersey would recognize an independent tort for deepening insolvency.

### 3. Material Advancement of the Termination of Litigation

An immediate appeal on this issue may result in the dismissal of Stanziale's deepening insolvency claim. If this court determines that New Jersey would not recognize an independent tort of deepening insolvency, the need to litigate this unsettled claim would be alleviated. Accordingly, this court holds that immediate review of this issue "may materially advance the ultimate termination of the litigation" as contemplated by Section 1292(b).

**III.     Conclusion**

For the reasons set forth above, Sun's motion for leave to appeal is granted.  Sun shall submit its brief on or before February 1, 2010, which shall not exceed 15 pages.  Stanziale shall submit his opposition on or before February 15, 2010, which shall not exceed 15 pages.  Sun's reply, if any, is due on February 24, 2010 and shall not exceed 5 pages.

*/s/ Anne E. Thompson*

ANNE E. THOMPSON, U.S.D.J.
